STATE V. HARBERSON.

1.  INDICTMENT: *For selling mortgaged property:*

An indictment for selling mortgaged property must show not only that the mortgage was recorded or filed with the clerk as a record, but also that it was acknowleged ; and it would be better to state the name of the purchaser or that his name was unknown?

APPEAL from *Montgomery* Circuit Court.

Hon. H. B. STUART, Circuit Judge.

*C. B. Moore,* Att'y Gen'l for appellant.

The indictment is under *Acts* 1874-5 *pp.* 129–130, and the mortgage was duly *filed and recorded* under *Acts* 1877 *pp.* 80–82.

The act makes it a felony to sell &c, any mortgaged property *" without the consent of the person or persons in whose favor such lien shall have been created, or exists by law."* The indictment charges that the sale was made without the consent of either the mortgagee or his assignees, and was sufficiently certain to advise defendant of the offense with which he was charged.

EAKIN, J.    On the 21st day of February, 1884, the

grand jury indicted Harberson for the offense of selling property subject to a mortgage. A demurrer was made to the indictment on the grounds that it was vague, indefinite, uncertain and insufficient, and because the facts did not constitute a public offense. It was sustained, and the State appeals.

The indictment charges that "the said Harberson on the 1st day of October A. D. 1883 in the County and State aforesaid, unlawfully and feloniously did sell one horse, without the consent of Cunningham & Cubage, a firm composed of J. B. Cunningham and J. D. Cubage in whose favor a lien then and there existed on the said horse, by virtue of a mortgage, executed and delivered on the 14th day of March, 1883, by said Harberson to J. T. Swindle, which mortgage was on the 5th day of April, 1883, filed with the clerk of said county to be there kept as a public record, endorsed as follows, to-wit ; " This instrument is to be filed but not recorded, J. T. Swindle", which mortgage was on the 8th day of September, 1883, assigned and transferred by said Swindle to said Cunningham & Cubage, and the said horse was sold without the consent of said J. T. Swindle."

The act of February, 3d, 1875, makes it a felony in any one to " sell, barter or exchange, or otherwise dispose of " any property " upon which a lien shall exist, by virtue of a mortgage, deed of trust, or by contract of parties, or by operation of law."

It has been held from the force of other words in the Statute, that this penal provision applies only to such liens as are recorded.

A filing with an indorsement that it is only to be filed but not recorded is for the purposes of this act equivalent to recording. But no mortgage can be either recorded or filed, unless it be duly acknowledged.

State v. Harberson.

1. INDICTMENT. r of selling mortgaged property.

Construing all the historical allusions and descriptions of the indictment as direct allegations, they amount to this. That on the 14th day of March, 1883, defendant executed and delivered to J. T. Swindle a mortgage, which was on the 5th day of April, 1883, filed with the clerk and endorsed as stated. That on the 8th day of September, 1883, said Swindle assigned and transferred said mortgage to Cunningham & Cubage. That there was a firm so called composed of J. B. Cunningham and J. D. Cubage ; that by virtue of said mortgage there existed a lien on a horse, and that on a named day defendant " did sell " that horse without the consent of Cunningham & Cubage, and also without the consent of said Swindle.

2. Must be recorded lien.

Whether or not the allegation that there was an " existing lien" upon the horse at the time of the sale would have been, of itslf, sufficient, is not now necessary to be determined.   It is the allegation, in the language of the Statute, of a condition of things, and the question would depend upon whether this was a case coming under the general rule that it is sufficient to allege an offence in the language of the Statute, or whether it fell within some of the numerous exceptions classified by Mr. Bishop in his work on statutory crimes. But in this case the allegation goes further and describes the lien as existing " by virtue of " a certain mortgage which, as described, does not show such a lien as comes within the purpose and purview of the law as heretofore construed.   It does not allege that the mortgage was acknowledged, nor is there any equivalent allegation to show that it was such an instrument as might be lawfully recorded.   A mortgage unacknowledged is no more than so much blotting of a record.   The mortgage is described as explaining what is meant by the words existing lien, or to show how it arose,

and does not show it. For this cause we think it defective on demurrer, and that the Circuit Court did not err in its ruling.

The court moreover is not thorougly satisfied with the allegation as to the sale. It does not state the vendee, or that it was to a person unknown. This court has held that not to be necessary in the case of a sale of liquor, and it might not be considered a fatal defect to have omitted it in this case if that were all. Nevertheless this is a felony and not a misdemeanor, and it would be better to be more definite, and to advise the defendant more certainly of the specific transaction upon which the charge is founded. The court however rests its decision on the grounds first above stated.

Affirm.