LEE, Respondent, vs. WAGNER and others, imp., Appellants.

*February 9 — February 28, 1888.*

*Mortgages: Release: Mistake: Estoppel: Reformation.*

The plaintiff owned as her separate property a mortgage of land, executed by her husband. Without any consideration, and for the sole purpose of enabling a subsequent mortgagee to acquire a prior lien, she executed a release of her mortgage, acknowledging full payment and satisfaction. The release was not read or explained to her, and she did not understand that it was a full release. *Held,* that such release, though recorded, did not discharge the lien of mortgage as against the heirs of the mortgagor, or estop the plaintiff from showing that the mortgage had not in fact been paid; and that the release might be reformed so as to make it effective as to the subsequent mortgage only.

APPEAL from the Circuit Court for *Iowa* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record, and is in effect found by the

court, that December 13, 1876, one Robert C. Lee, upon
being divorced from his former wife, Christiana C., exe-
cuted and delivered to her his notes and mortgage for
$1,150; that February 16, 1879, the plaintiff, *Jane*, married
said Robert C. Lee; that March 2, 1880, the said *Jane Lee*
purchased with her own separate estate the said notes and
mortgage, then outstanding, and upon which there was then
due $1,100, and obtained the title thereof through several
assignments, to wit, from said Christiana C. to Strong, and
from Strong to Imhoff, and from Imhoff to the plaintiff;
that said notes and mortgage were then, and ever since
have been, the sole and separate property of the plaintiff;
that no part of the principal or interest upon said notes and
mortgage has ever been paid to the plaintiff, but the same
is still due and owing to her thereon; that March 17, 1885,
and without any consideration received by the plaintiff for
the same, and for the sole purpose of enabling said Robert
C. Lee to give a mortgage of $300 to one Dring, which
should take precedence of hers, she executed a release of
her said mortgage, but the same was never delivered to said
Robert C. Lee, nor to any one for him; that said Dring
mortgage had long since been paid and satisfied of record;
that November 28, 1885, the said Robert C. Lee, and the
plaintiff as his wife, executed and delivered to the defend-
ant Dolan a mortgage upon the same lands as the plaintiff's
mortgage, to secure $310 then loaned by said Dolan to said
Robert C., with the understanding that it should become a
prior lien to the plaintiff's mortgage; that at the same time,
upon information and belief that it was necessary in order
to put said Dolan mortgage ahead of hers on the record,
she, without any consideration, executed a release of her
said mortgage, which release was then recorded; that said
last-named release was not read to her, nor explained to
her, except as stated; and that when she signed said last-
named release she did not know that it was a full release of

her own mortgage. Robert C. Lee died October 21, 1886, and the defendant Dolan was appointed administrator of his estate, December 7, 1886.

This action is to cancel, set aside, and declare void said last-named release and the record thereof, and to restore the lien of the plaintiff's mortgage, subject, however, and subordinate to the said Dolan mortgage. The other defendants are the children of the said Robert C. Lee by his first wife, Christiana C., and they alone defend the action. As conclusions of law, the court, in effect, found that the plaintiff was entitled to judgment canceling or reforming said last-named release and the record thereof, so as to make the same effective only so far as the Dolan mortgage was concerned, leaving her mortgage standing as though no release thereof had ever been made, except to make the Dolan mortgage prior thereto, as aforesaid; and costs and disbursements to be taxed, except as against Dolan; and ordered judgment accordingly. From the judgment entered thereon the defendants who are children of said Robert C. Lee have appealed.

*J. F. Grace,* attorney, and *Aldro Jenks,* of counsel, for the appellants, contended, *inter alia,* that the release should not be set aside or reformed except upon clear proof that it did not conform to the agreement of the parties. *Newton v. Holley,* 6 Wis. 592; *Lake v. Meacham,* 13 id. 355; *Kent v. Lasley,* 24 id. 654; *McClellan v. Sanford,* 26 id. 595; *Harter v. Christoph,* 32 id. 245; *Sable v. Maloney,* 48 id. 331; *Smith v. Allis,* 52 id. 347. Courts will not grant relief against mistakes of law. *Hurd v. Hall,* 12 Wis. 137; *Green Bay & M. C. Co. v. Hewitt,* 62 id. 331.

*J. P. Smelker,* for the respondent, argued, among other things, that a release of a mortgage obtained by fraud or made through mistake may be canceled if other parties, having no notice of the fraud, have not in the meantime acquired an interest in the property. The burden is upon

the person who would impeach the release to show that the mortgage was not actually paid, and that the release was obtained either by fraud practiced upon the holder of the mortgage, or was made by him through some mistake of fact. *Barnes v. Camack*, 1 Barb. 392; *Vannice v. Bergen*, 16 Iowa, 555; *Russell v. Mixer*, 42 Cal. 475; *Dudley v. Bergen*, 23 N. J. Eq. 397; 2 Jones on Mortg. secs. 966, 970, and cases cited. But heirs at law, or judgment creditors, or subsequent mortgagees, whose rights existed at the time of the discharge, are not included within the meaning of the words "other parties." Those words refer only to those who may have purchased the property in good faith *after the release* of the mortgage, or have advanced money upon it upon the faith of a clear record title. 2 Jones on Mortg. sec. 967; *Downer v. Miller*, 15 Wis. 612, 628.

CASSODAY, J. The findings of the court are sustained by the evidence. It is confessed that the plaintiff's notes and mortgage have never been paid nor surrendered. She is not seeking to make her mortgage a prior lien to Dolan's. She concedes that she executed the release at the time his mortgage was given, for the very purpose of making her mortgage subordinate to his; but she insists that it was not intended for any other purpose, and should have no other effect. The transaction seems to have taken that form merely because Dolan and his counsel at the time demanded such release as a condition of making the loan to the husband. Seemingly, they supposed Dolan could in no other way obtain a priority of lien. No one else at the time seems to have desired such release. Its only purpose was to secure such priority. There is no evidence to warrant the belief that the husband exacted such release, or ever expected that it would operate as an absolute discharge of the mortgage as against him. Manifestly, the plaintiff had no such expectation. She executed the release, as she had the

Dring release, because it was exacted for the purpose mentioned, and with no other intent. Neither Dolan nor his counsel represented the mortgagor, and had no authority to make any contract or exact any condition in his behalf. Whether the mortgage should be absolutely discharged of record was a matter in which neither of them had any interest or concern.

The question is whether the effect of the release shall be confined to the object for which it was made, or shall extend to a purpose not in contemplation of any of the persons concerned in its execution. That is, Did it operate as an estoppel against the plaintiff and in favor of the mortgagor and those claiming under him? The defendants are not here insisting upon such estoppel as subsequent *bona fide* purchasers of the mortgaged premises, nor even as creditors. They are here merely as heirs at law of the mortgagor,— mere volunteers. The action is in equity, and yet they are contending, confessedly, without any equity. Their defense is based wholly upon a naked estoppel, without any consideration whatever to support it, and is made in order to secure an unmerited benefit by defeating a meritorious claim. The mortgage would have been a valid lien, as against such heirs, without ever having been recorded. The release or satisfaction was to the effect that such mortgage had been "fully paid, satisfied, and discharged." Since the want of record would not bar the lien as against these defendants, the mere discharge of the mortgage on the record cannot prevent the enforcement of the lien as against them.

The question, however, recurs, whether the acknowledgment of payment and satisfaction, obtained under the circumstances stated, estopped the plaintiff from showing that the mortgage was never paid or satisfied. So far as the mere acknowledgment of payment, it operated as a mere receipt, and of course was open to explanation by parol evi-

·dence. *Gilchrist v. Brande,* 58 Wis. 197; *Hubbard v. Marshall,* 50 Wis. 325, 326. It is, moreover, a well-established rule of law, that the payment of a part of an admitted indebtedness, due at the time, upon an agreement that it shall be in full payment and satisfaction of the whole, is *nudum pactum* and not binding upon the party making the same. *Foakes v. Beer,* L. R. 9 App. 605, 24 Am. Law Reg. 21; *Daniels v. Hatch,* 21 N. J. Law, 391, 47 Am. Dec. 169; *Keeler v. Salisbury,* 33 N. Y. 653. For exceptions, see *Goddard v. O'Brien,* 9 Q. B. Div. 37, 21 Am. Law Reg. 637, and notes. For a much stronger reason, such acknowledgment should not be binding where it is given, as here, without any payment or consideration, and under a misapprehension as to its meaning and legal effect.

*By the Court.*— The judgment of the circuit court is affirmed.