## STATE *v.* CRAWFORD.

### Opinion delivered June 19, 1897.

SELLING MORTGAGED PROPERTY—INDICTMENT.—It is unnecessary, in an indictment for selling mortgaged property, to allege the name of the person to whom the property was sold. (Page 195.)

SAME.—An indictment for disposing of mortgaged property is not defective for failure to state the manner of disposal of the property in alleging the intent, if in the stating part immediately preceding it is alleged that the defendant sold the property. (Page 196.)

Appeal from St. Francis Circuit Court.

H. N. HUTTON, Judge.

*E. B. Kinsworthy*, attorney general, for appellant.

This is a good indictment under § 1868, Sand. & H. Dig.; 55 Ark. 532; Sand &. H. Dig., §§ 2074, 2075, 2076; 37 Ark. 412; 40 S. W. Rep. 85.

*Norton & Prewett*, for appellee.

The indictment fails to state *to whom* the cotton was sold. 26 Ark. 323; 27 *id.* 493; 38 *id.* 517; 1 Whart. Cr. Law, § 285; 37 Ark. 419. The word *"felonious"* is not used in connection with the intent. Sand. & H. Dig., § 1868; 24 Ark. 346; 54 Ark. 493, as modified in 54 *id.* 493.

BUNN, C. J. This is an indictment for the crime of removing mortgaged property, to which the defendant interposed a

demurrer, and, the same being sustained by the court, judgment was rendered for defendant, and the state appeals. The demurrer is as follows, to-wit: "The defendant, C. C. Crawford, demurs to the indictment herein, and for cause says that the same does not state facts sufficient to constitute a public offense, and for the further reason that said indictment does not sufficiently set forth the circumstances attending the commission of the offense." From the argument we infer that one of the particular objections to the indictment raised by the demurrer is that it does not name the person to whom the cotton was sold.

In several jurisdictions among the American states the name of the person to whom the mortgaged property has been disposed of is held to be essential in the indictment, notably Texas, North Carolina and Nebraska. But this is held to be proper in those states, by analogy to the doctrine held there as to naming the person to whom the illicit sale of intoxicating liquor is charged to have been made. But we do not hold the same doctrine as to sale of intoxicating liquors in this state, but on the contrary have held that it is not necessary to name the person to whom the liquor has been sold. Hence with us there is no such necessity or reason to name the person to whom mortgaged property has been sold.

Besides, in the case of Nebraska, at least, the language of the statute on the subject of disposing of mortgaged property is somewhat different from ours; for, while the language of ours (Sand. & H. Dig., § 1868) is: "It shall be unlawful for any person to sell, barter, exchange or otherwise dispose of, or to remove beyond the limits of this state, or of the county in which a landlord's or laborer's lien exists, or in which a lien has been created by virtue of a mortgage or deed of trust, any property of any kind, character, or description, upon which a lien of the kind, enumerated above exists," etc., the language of the Nebraska statute (Comp. Stat. c. 12, § 9) is: "Any person who, after having conveyed any article of personal property to another by mortgage, shall, during the existence of the lien or title created by such mortgage, sell, transfer, or in any manner dispose of the said personal property, or any part thereof, so

mortgaged, to any person, or body corporate, without procuring the consent, in writing, of the owner or holder of the debt secured by said mortgage to any such sale, transfer or disposal, shall be deemed guilty of a felony," etc. In the latter, the language seems to give something more of emphasis· to the existence of the purchaser, and therefore there is some more reason to require his name to be stated in the indictment than with us.

Another objection to the indictment seems to be that the manner of the disposal of the cotton is not stated with sufficient particularity. It is true that in the part charging the intent only the words "dispose of" are used, and that is a phrase including many other terms denoting the manner of parting with the ownership and control of property, but in the stating part immediately preceding it is alleged that the defendant sold the cotton. It would be well to state the manner of disposal with particularity whenever it is necessary to state it at all, but we do not think this indictment should have been held bad on demurrer for a failure to do so, since it sufficiently puts defendant on notice of not only of what he was charged with having done, but also as to the manner· in which he was charged to have committed the offense.

Reversed and remanded, with directions to overrule the demurrer, and to proceed with the cause.

Absent WOOD, J.