STATE· *v.* BARNETT.

Opinion delivered February 26, 1898.

INDICTMENT—REMOVING MORTGAGED PROPERTY.—Under Sand. & H. Dig., § 1868, prohibiting the removal from the county of any property on which there is a mortgage lien, it is unnecessary, in an indictment for removing mortgaged property from the county, to allege that the mortgage was recorded or filed for record. Page 81.)

Appeal from Independence Circuit Court.

RICHARD H. POWELL, Judge.

*E. B. Kinsworthy*, attorney general, for appellant.

The mortgage was good between the parties, without filing or recording, and the statute, making it an offence to remove mortgaged property, does not require the lien to be recorded. Hence the filing was not necessary.  Sand. & H. Dig, .§ 1868; 49 Ark. 85; 54 Ark. 184; 9 Ark. 112; 18 Ark. 105.  If filing had been necessary, the signing of the memorandum by the initials of the mortgagee was a sufficient compliance with the statute.  Sand. & H. Dig., § 5102; 40 Ark. 431, 433; 9 Allen, 474; 14 How. (U. S.) 446; 1 Pet. 640; 131 Pa. St. 220; 6 Wend. 443; 33 Ill. 424; 1 Denio, 471, 479; 59 Ala. 164; 6 Hill (N. Y.), 443; Tiedeman, Com. Paper, § 12 *a*, 265; 1 Randolph, Com. Pap., § 63; 1 Beach, Cont., § 578; Rap. & Lawr. Law Dict.

BUNN, C. J.  This is an indictment for removing mortgaged property, and (omitting formal parts) it reads as follows: "The said J S Barnett, on the 1st day of November, 1896,

in the county and state aforesaid, then and there unlawfully, and with the intent to cheat and defraud one R. C. Dorr, did remove beyond the limits of said county one sorrel mare, of the value of fifty dollars, upon which the said R. C. Dorr then and there had a lien by virtue of a certain mortgage with power of sale, which mortgage was duly executed and acknowledged by said J. S. Barnett on the 6th day of March, 1896, and delivered to said R. C. Dorr, and which was duly filed in the office of the recorder of said county, indorsed as follows: 'This instrument is to be filed but not recorded. R. C. D.' And the said R. C. Dorr had not given his consent to the said J. S. Barnett to remove said mare from said county, and the removal of said mare from said county by said J. S. Barnett was done with the felonious intent to defeat the said R. C. Dorr, the holder of said lien, in the collection of the debt secured by said mortgage." To which indictment the defendant interposed his demurrer as follows, to-wit: "Comes the defendant, and demurs to the indictment herein, and for cause he states: The said indictment does not state facts sufficient to constitute an offense, therefore he prays the judgment of the court." The demurrer was sustained, and the indictment was dismissed, and the state appeals.

The record does not show the specific grounds of demurrer, but there appears to be but one possible ground, and that is that the allegations of the indictment do not show that the mortgage was properly recorded or filed for record, in this; that the indorsement on it, "This instrument is to be filed but not recorded," was not signed by the name of the mortgagee, but only by certain letters, the initial letters of his name.

The statute under which this indictment was found (section 1868, Sand. & H. Dig.) does not, expressly or by implication, require a mortgage to be recorded or filed for record in order to create the lien therein referred to; the language of the section being as follows: "It shall be unlawful for any person to sell, barter, exchange or otherwise dispose of, or to remove beyond the limits of this state, or the county in which a landlord's or laborer's lien exists, or in which a lien has been created by virtue of a mortgage or deed of trust, any property of any kind, character or description, upon

which a lien of the kind enumerated above exists." This being true, it is unnecessary for us to consider the question whether or not the indorsement may be sufficient if signed by the initial letters of the mortgagee's name only, since, as between the parties to it, the mortgage and the lien thereof are good, whether it be recorded or not; and the statute manifestly prohibits the mortgagor from removing the mortgaged property out of the county, whether the mortgage be of record or not.

The court erred, therefore, in sustaining the demurrer to the indictment, and for this error its judgment is reversed, and the cause is remanded, with directions to overrule the demurrer, and to proceed not inconsistently herewith.