McClaskey v. State.

Opinion delivered March 23, 1925.

1. MORTGAGES—DISPOSING OF MORTGAGED CHATTELS—NECESSITY OF DEMAND.—It is not necessary, under Crawford & Moses' Dig. § 2552, to sustain a conviction of a mortgagor for disposing of mortgaged chattels, that demand should have been made on him for the debt or the mortgaged property or that he refuse payment of the debt.

2. MORTGAGES—DISPOSING OF MORTGAGED CHATTELS—CONCEALMENT. —In a prosecution for disposing of a mortgaged automobile, where it was proved that the mortgagor had placed the car in a garage, and told the mortgagee that he could not find it, it was not error to refuse to exclude testimony in regard to the car, since, if the mortgagor concealed the car so that it could not be found for the purpose of foreclosing the mortgage, this would constitute a disposition of same within the meaning of Crawford & Moses' Dig., § 2553.

3. MORTGAGES—DISPOSING OF MORTGAGED CHATTELS—VARIANCE IN DESCRIPTION.—In a prosecution, under Crawford & Moses' Dig., § 2552, for disposing of a mortgaged wagon and an automobile where the indictment described the wagon as "one 3-inch Bane log wagon," whereas the mortgaged wagon was properly described as a "3 1-4 inch Bane log wagon," held there was no fatal variance.

4. MORTGAGES—DISPOSING OF MORTGAGED CHATTELS—INDICTMENT.— An indictment for disposing of mortgaged property in violation of Crawford & Moses' Dig., § 2552, need not allege the name of the person to whom the property was sold or that the purchaser was unknown.

5. MORTGAGES—DISPOSING OF MORTGAGED CHATTELS—INDICTMENT.— An indictment for disposing of mortgaged property held sufficient to charge that there was a debt due to the mortgagee, and that disposition was made with felonious intent to defeat the holder of the mortgage in the collection of his debt.

6. MORTGAGES—DISPOSING OF MORTGAGED CHATTELS—INDICTMENT.— An indictment for disposing of mortgaged property need not allege that the mortgage had been recorded or filed, as the mortgage is good as between mortgagor and mortgagee whether acknowledged or not.

7. MORTGAGES — DISPOSING OF MORTGAGED CHATTELS — EVIDENCE.— In a prosecution for disposing of a mortgaged wagon and automobile, though certain mules embraced in the mortgage were not mentioned in the indictment, testimony in regard to their disposition was relevant on the question of the mortgagor's good faith in disposing of the wagon and automobile.

8. Criminal Law—Repetition of instructions.—Refusal to give requested instructions which were fully covered by those given by the court was not error.

9. Criminal Law—Argument of prosecuting attorney.—In a prosecution under Crawford & Moses' Dig., §. 2552, for disposing of a mortgaged wagon and automobile, argument of the prosecuting attorney that the mortgagor had misled the mortgagee in giving the mortgage, and "he is as guilty as man can be and he ought to be convicted," was a mere expression as to defendant's guilt, and was not improper.

Appeal from Craighead Circuit Court, Jonesboro District; *Basil Baker*, Special Judge; affirmed.

*Roy Stigler* and *T. A. Turner*, for appellant.

*H. W. Applegate*, Attorney General, and *Darden Moose*, for appellee.

Smith, J. Appellant was indicted for disposing of certain personal property upon which a mortgage lien existed. Omitting the formal parts, the indictment reads as follows: "The said Otto McClaskey aforesaid, on the first day of January, 1924, did unlawfully, knowingly, and feloniously sell, barter, exchange and dispose of one 3″ Bane log-wagons of the value of $150 and one Oakland automobile of the value of $150, all of the total value of $300, upon which log-wagon and Oakland automobile one J. W. McCormack had a chattel mortgage to secure the payment of $82.90 due him by the said Otto McClaskey, with the felonious intent to defeat the holder of said mortgage in the collection of the said debt secured by such mortgage."

The indictment was demurred to on the ground that it did not charge a public offense. The demurrer was overruled, and an exception was saved to that ruling.

The testimony on the part of the State was to the effect that the debt matured and was not paid upon demand, and that neither the wagon nor the automobile was available for the purpose of foreclosing the mortgage.

In the case of *Stewart* v. *State*, 139 Ark. 403, it was held that the statute under which appellant was indicted and convicted (§ 2552, C. & M. Digest) did not require,

as a condition for conviction for disposing of mortgaged property, that a demand be made on the mortgagor for the debt or mortgaged property or the refusal of payment of the indebtedness on the mortgagor's part. It is insisted that the undisputed testimony shows that appellant did not dispose of the automobile, and that reversible error was committed in not excluding from the jury any consideration of the disposition of the automobile.

The testimony shows that appellant had placed the automobile in a garage at Nettleton, which is in the district of the county in which the venue of the offense is laid, for storage and repairs. This garage was operated by a man named Edwards, and he testified that the automobile had been in his garage since the summer of 1924 (the trial occurred November 22, 1924), and that his charges for repairs amounting to $30 had not been paid. But it does not appear that McCormack, the mortgagee, was advised of the location of the automobile until that fact was developed at the trial. On the contrary, McCormack testified that appellant told him the wagon had been stolen, and that the automobile was somewhere in the county, but the witness was unable to find either. Under these facts, we think no error was committed in not excluding the testimony in regard to the automobile.

The mortgage has been executed at Bono, which was also in the district of the county in which the venue of the offense was laid, and both the wagon and the automobile had been removed from that neighborhood, and McCormack testified that he could find neither. If appellant had in fact concealed the automobile so that it could not be found for the purpose of foreclosing the mortgage, this would constitute a disposition of it within the meaning of the statute.

Appellant had been engaged in sawmilling, and owned several wagons. It was admitted that he had sold a wagon to a man named Hannah, and this wagon was present at the trial and was visible to the witnesses while testifying in the case. It will be observed that

the indictment described the wagon as "one 3" Bane log-wagon," and the wagon sold Hannah was a 3¼". Bane log-wagon. Appellant testified that he owned a 3" Bane log-wagon, but he testified that this wagon had been stolen from him, and that the wagon sold Hannah was not the wagon covered by the mortgage.

McCormack testified, however, that the wagon mortgaged was pointed out to him, that appellant walked up to the wagon, shook it, and said it was the wagon to be mortgaged, and the witnesses identified the wagon produced at the trial and which appellant admitted he had sold Hannah as the wagon pointed out to him by appellant.

The size 3" has relation to the spindle, and a 3¼" wagon was one whose spindle was 3¼ inches, and consequently a slightly larger wagon than one whose spindle was 3 inches in size. The wagon sold Hannah by appellant was a Bane log-wagon, but its spindle was 3¼", and it is insisted that this difference makes a fatal variance in the description of the property alleged to have been mortgaged and disposed of.

Appellant asked an instruction to the effect that this difference was material and constituted a fatal variance; but the court refused to so instruct the jury, and treated this difference as immaterial, provided the jury found that appellant had in fact disposed of the wagon mortgaged with the fraudulent intent of defeating the mortgage lien.

We think no error was committed in this respect. The wagon mortgaged was a Bane log-wagon, and the one sold Hannah was a Bane log-wagon, and we think the difference between 3 inches and 3¼ inches in the size of the spindle did not constitute a fatal variance. The party who drew the mortgage testified that the description employed was furnished by appellant himself, and McCormack testified that the wagon described in the mortgage was the one which appellant had pointed out to him.

The defendant could not have been misled in the preparation of his defense, and the State could not have prosecuted him again had he been acquitted, because of this difference in description.

The rule in such cases is stated in Underhill's Criminal Evidence (3d ed.), § 80, as follows: "In determining whether a variance is material, the question to be decided is, does the indictment so far fully and correctly inform the defendant of the criminal act with which he is charged that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense? If this be not so, then the variance is material, and, the State having failed to prove the crime in substance as it is alleged, the acquittal of the accused should be directed."

In the case of *Pritchett* v. *State,* 160 Ark. 233, the defendant was charged with the crime of arson, alleged to have been committed by burning a railroad bridge designated as bridge 7807, when, according to the proof, the bridge burned was designated by the railroad as No. 78.7. The indictment had further described the bridge as one owned by the railroad company and as being three miles northeast of Eureka Springs, and we held the variance was not of sufficient substance in its nature to prove fatal.

Upon the authority of the case of *State* v. *Harberson,* 43 Ark. 378, it is insisted that the indictment is defective because: (1) it does not allege to whom the sale was made or that the vendee was unknown; (2) it does not allege that the debt was unpaid; (3) it does not allege that the mortgage was acknowledged, and it therefore does not appear that the instrument was one which could be recorded; and (4), it does not allege the venue of the existing lien.

The statute construed in the Harberson case has been amended since the date of that decision, and the existing statute has been construed in later cases.

In the case of *State* v. *Crawford*, 64 Ark. 194, it was held that it was not necessary to allege the name of the person to whom the property was sold; consequently it was unnecessary to allege that the vendee was unknown.

We think it is sufficiently charged that there was a debt due the mortgagee at the time the property was disposed of, and that the disposition was made with the felonious intent of defeating the holder of the mortgage in the collection of his debt.

The indictment does not allege that the mortgage was acknowledged, and it would not therefore have been entitled to be placed of record, but it was held in the case of *State* v. *Barnett*, 65 Ark. 80, that it was not necessary for an indictment to allege that the mortgage had been recorded or filed, as it was the manifest intent of the statute to prohibit the mortgagor from removing the mortgaged property out of the county whether the mortgage was of record or not. Moreover, the mortgage was good as between the mortgagor and the mortgagee, whether it was acknowledged or not.

We think the venue was sufficiently charged and proved.

The court refused to give any of the instructions requested by appellant, but, on its own motion, gave an elaborate charge consisting of nine instructions, the third of which reads as follows: "3d. Now therefore, if you find beyond a reasonable doubt that the defendant, Otto McClaskey, did, in the Jonesboro District of Craighead County, Arkansas, on the 1st day of January, 1924, or within three years prior to the filing of the bill of indictment in court, April 15, 1924, unlawfully, knowingly, and feloniously sell, barter, exchange and dispose of one Bane log-wagon or one Oakland automobile, either one or the other, and that such property so sold, bartered, exchanged and disposed of was of the fair market value in excess of the sum of ten dollars, and that such sale, barter, exchange or disposition thereof when made was of the property that had previously been mortgaged to J. W. McCormack, and without his con-

sent thereto, and that there was an indebtedness in excess of ten dollars due or owing said McCormack secured by said mortgage covering such property as alleged in the indictment to have been sold, bartered, exchanged or disposed of, and that such sale, barter, exchange or dispositon of said property, if any was made, was made with the felonious intent to defeat the holder of said mortgage, J. W. McCormack, in the collection of said debt, if there was a debt, secured by said mortgage as covering said property, if you find that there was such mortgage, then you will find the defendant guilty as charged in the indictment.''

We think this instruction correctly submitted the material issues in the case.

The defendant requested the court to instruct the jury not to consider any testimony with reference to any other property not described in the indictment. The purpose of this instruction—which the court refused to give—was to exclude the testimony of appellant, himself, elicited on his cross-examination, in regard to certain mules which were embraced in the mortgage. Appellant had testified that these mules had died, and this, of course, was not a disposition of the mortgaged property within the meaning of the statute. But we think the testimony was material and relevant as bearing on the good faith of appellant in disposing of the property described in the indictment. Neither the wagon nor the automobile which were described in the indictment was available for the purpose of foreclosing the mortgage, and, while the mules were not mentioned in the indictment as having been fraudulently disposed of, the testimony in regard to their disposition was relevant on the question of appellant's good faith in disposing of the wagon and the automobile.

Appellant asked an instruction to the effect that the jury must find beyond a reasonable doubt that he disposed of the wagon with the fraudulent intent of defeating the mortgage lien; and this instruction might well have been given in the language in which he asked it,

but this declaration of law was fully covered in instruction numbered 3, set out above, and in the other instructions given, so there was no prejudicial error in refusing to multiply instructions on this point.

Other instructions asked by appellant, in so far as they correctly declared the law, were covered by the instructions given.

In his concluding argument the prosecuting attorney said: "I want to say to you that he (appellant) misled the old man (McCormack, the mortgagee) in giving that mortgage, and he is as guilty as a man can be, and he ought to be convicted."

It does not appear from this excerpt just what point the prosecuting attorney was arguing, but it does not appear that the argument was improper. It was a mere expression of the attorney's opinion as to the appellant's guilt, and we have frequently held that such arguments are not improper. *Spier* v. *State,* 157 Ark. 283.

As we find no prejudicial error, the judgment is affirmed.