The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, AR 72116-5632
Dear Representative Vess:
This is in response to your request for an opinion on whether it is a conflict of interest for a justice of the peace, who is also an attorney, to sponsor ordinances benefiting the court system in which he practices.
RESPONSE
It is my opinion that the answer to this question is, generally, "no," in the absence of facts indicating that the justice of the peace has a direct, pecuniary interest in the ordinance(s), i.e., a pecuniary interest that is immediate, particular, and distinct from the public interest. See generally Van Hovenberg v. Holman, 201 Ark. 370,144 S.W.2d 719 (1940). Prudence may dictate that the member refrain from participating in matters that are more narrowly focused on his personal economic interest. Ordinarily, however, a quorum court member would not be disqualified from sponsoring a county ordinance where his interest was only as a member of a class. See, e.g., Op. Att'y Gen. 89-044 (no unlawful conflict of interest where a justice of the peace votes to appropriate funds supporting a school system in which he is employed, in the absence of facts implicating his own, direct pecuniary interest).
In short, the nature of the quorum court member's interest as a practicing attorney in all likelihood does not, without more, raise an unlawful conflict of interest issue. It must be recognized, however, that questions of this nature can only be conclusively resolved with reference to the particular factual circumstances. The county ethics law, A.C.A. §14-14-1202 (Repl. 1998), must also be considered wherein it states:
 (a) PUBLIC TRUST. The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
This is a penal provision, and as such must be strictly construed. Seegenerally Austin v. State, 259 Ark. 802, 536 S.W.2d 699 (1976); Knapp v.State, 283 Ark. 346, 66 S.W.2d 433 (1984). It is therefore my opinion that a court would be unwilling to read into this provision a general prohibition against a quorum court member's sponsorship of ordinances benefiting the court system in which he practices. A conclusive determination would, nevertheless, require a review of the particular circumstances in order to establish whether the member "[used] his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest. . . ." A.C.A. § 14-14-1202 (a), supra.
Another county ethics subsection should perhaps be noted, finally, in the event the particular ordinance(s) in question involves a contract or transaction of the county. Section 14-14-1202 states in relevant part:
 (c)(1) RULES OF CONDUCT. No officer or employee of county government shall:
 (A) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county. If, in the purchase of any materials, supplies, equipment, or machinery for the county, any discounts, credits, or allowances are given or allowed, they shall be for the benefit of the county. It shall be unlawful for any officer or employee to accept or retain them for his own use or benefit[.]
Again, the applicability of this proscription turns on the specific facts and circumstances in each case. This will ultimately involve factual issues that cannot be resolved in the limited format of an opinion from this office.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh