## CLERGET *v.* STATE.

Opinion delivered June 17, 1907.

1. CONSPIRACY—SUFFICIENCY OF EVIDENCE.—Evidence of a prearranged plan between defendant and another to have a good time with some girls does not prove a conspiracy to commit an assault and battery upon one of them.   (Page 228.

2. ACCESSORY—DEFINITION.—The statute defining an accessory (Kirby's Digest, § 1560) is self-explanatory, and does not need additional words to make it clear.   (Page 229.)

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; reversed.

*Sellers & Sellers,* for appellant.

1.   The court's charge to the jury that they might convict if they found that appellant *assented* to an assault by Malone was erroneous. 65 Mo. 29; 81 Ill. 333; Sackett's Inst. to Juries, 2 Ed. 656.   Mere consent to the commission of a crime, if no aid is given nor encouragement rendered, does not constitute participation therein.   Patterson, Inst. Crim. Causes, 183; 106 Mo. 111; 134 Mo. 109; 2 Wharton, Crim. Law, § 211 d; 2 Am. & Eng. Enc. of L. 2 Ed. 32; 14 S. W. 685; 60 Am. Dec. 374; 2 Hawkins, P. C. § 10; 1 Russell on Crimes, 627; 1 Hale, P. C. 439.   This instruction is also erroneous in that it assumes that Malone committed an assault.   14 Ark. 286; *Id.* 530; 16 Ark. 568; 18 Ark. 521; 36 Ark. 117; 24 Ark. 540; 33 Ark. 350; 45 Ark. 256; 66 Ark. 506; 71 Ark. 38; 76 Ark. 468; 74 Ark. 563.

2.   It was error to submit the case on the theory that appellant had, without being present, advised and encouraged an assault by Malone.   Under an indictment such as this charging the injury to have been done directly by the defendant, he could not be convicted upon proof of prior advice and encouragement. 37 Ark. 274; 41 Ark. 176; 55 Ark. 593.

*Wm. F. Kirby,* Attorney General and *Dan'l Taylor,* assistant, for appellee.

1.   In misdemeanors all persons who procure, participate in or *assent* to the commission of the crime are regarded as principals and indictable as such.   18 Ark. 198; 45 Ark. 361; 51 Ark. 550; 55 Ark. 188; 77 Ark. 274; 10 Mass. 181.   The court

definitely charged the jury in another instruction that before they could convict the defendant they must find that Malone committed the assault and battery, hence the contention that this instruction assumed that fact is untenable.

2. It was proper to charge the jury that they could convict if they found that defendant, not being present and participating in the offense, had advised and encouraged it.   10 Ark. 378; 27 Ark. 355; McClain's Crim. Law, § 250.

HILL, C. J.   Appellant was convicted of assault and battery upon Miss Octavia Cook, and was fined one hundred dollars, and has appealed.   The evidence on behalf of the State, briefly stated, was this:   Clerget was making the rounds in his buggy to warn road-hands to work, and took one Malone, whom he knew to be an habitual drunkard, in the buggy with him.   Clerget told Malone: "On our rounds somewhere there are some girls we can go to and have a good time," and that he would indicate the place by a sign when he reached it.   When they reached the Cook residence, Clerget went in and gave the sign to Malone that this was the place indicated.   Malone followed him.   Clerget asked Miss Cook, who came to receive him, if there was any one there subject to road duty, and, being told that her brother was, commenced writing out a warning notice for him, and while he engaged in this Malone entered and touched Miss Cook upon the chin.   She resented it indignantly, and he apologized and left.   Miss Cook demanded of Clerget the name of his companion, and Clerget told her it was Jones, thus concealing Malone's identity.   Miss Cook called for assistance from her sister, who came with a pistol, and they materially accelerated Malone's departure.   Clerget, however, faced the fire, and tried to make apologies.

A majority of the court has come to the conclusion that this evidence is insufficient to sustain a verdict for assault and battery, and that the utmost that it proves is that there was some prearranged plan between them that they could have a good time with these girls, and not in an innocent way; but that it does not prove a conspiracy to commit an assault and battery or other act contrary to law, however contrary to good morals, nor on Clerget's part an aiding or abetting or assisting in the assault and battery.

2.   Appellant urges also that error was committed in inserting in the instructions the word "assented". This occurred in making one of the instructions read as follows: "You are instructed that if you believe from the testimony that the plaintiff aided, assented, assisted, abetted in the commission of the assault made by Malone upon the witness Miss Cook you will return the defendant guilty." Assent as an element constituting a party an accessory in a misdemeanor has been sustained by this court. *Sanders* v. *State*, 18 Ark. 198; *Foster* v. *State*, 45 Ark. 361; *Beattie* v. *State*, 77 Ark. 247. In the latter case, the use of the word in an instruction was criticised, but the instruction held not prejudicial for the reasons therein stated. It is unnecessary to decide whether the use of this term would cause a reversal here if there were sufficient evidence to sustain conviction; but the court does not approve of adding any word to the statute. The statute says: "An accessory is he who stands by, aids, abets or assists, or who, not being present aiding, abetting or assisting, hath advised and encouraged the perpetration of the crime." Section 1560, Kirby's Digest. These words are plain and simple, and need no additional words to make them clear. And no synonym, if "assent" can be treated as a synonym, can aid the jury in determining their meaning. The words used in the statute are self-explanatory, and trial courts should avoid any explanation of them which may add to or take from them, and synonyms are unnecessary.

Reversed and remanded.