THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* IGNACIO DÍAZ LUZUNARIS, Defendant and Appellant.

No. 10051.    Argued June 16, 1943.—Decided September 23, 1943.

*M. Rivera de la Vega* for appellant.    *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

A complaint was filed against appellant for aggravated assault and battery. It was alleged in the complaint that complainant was riding in defendant's automobile, that the latter struck her violently with his hands, holding her strongly by her thighs; that the complainant protested of defendant's conduct and asked him to stop the car in order to get out but that as defendant refused to do so, the complainant, due to defendant's conduct, was forced to jump out of the car while it was running, and on hitting the pavement she sustained several fractures and bruises described hereafter. The aggravating circumstance alleged was the fact that the defendant was an adult male and the person assaulted a female. The case having been tried in the District Court on appeal, the defendant was convicted and sentenced to pay a fine of $100 or to serve one day in jail for each dollar left unpaid, the imprisonment not to exceed 90 days, plus costs.

The evidence of the People tended to show that the complainant was a married woman and a schoolteacher; that on the day of the incident she had been attending some religious services held at a church at Stop 26½ in Santurce, that at the close of said services she left the church to go to her house at Stop 20, that at noon, she was standing on the sidewalk of Fernández Juncos Avenue in order to take a bus; that at that same time, the defendant was driving his automobile towards San Juan and when he passed the place where complainant stood, he invited her to his car, that when she told him that she was going to Stop 20 he offered to take her, and being under the impression that defendant was a gentleman and that he had made the invitation in order to cooperate with the Civil Defense in their war effort, although she did not know him, she accepted the invitation and sat next to him; that after he started the car, he took hold of one of her thighs, that complainant indignantly pro-

tested and moved away from him as far as she could and told him to stop the car in order to descend from the car, that the defendant, although at a low speed, kept the car running for which reason the complainant was forced to jump out of the car, sustaining, upon falling on the pavement, the fracture of the collarbone and the dislocation of the shoulder blade and several bruises on the forehead, having received medical assistance at the Presbyterian Hospital where she was confined for some time.

The evidence of the defendant tended to establish that it was the complainant who signalled the defendant and asked him to take her in his car; that he consented and shortly after having started the car a friend of the complainant who walked by said avenue called her and the complainant decided to go with her friend and asked the defendant to stop the car in order to descend; that the latter told her that he was going to stop but that he had to park his car to the right in order to avoid an accident, and that while defendant reduced the speed and took to his right, the complainant, without waiting for the car to come to a full stop, opened the door and while descending lost her balance and fell on the pavement sustaining the injuries which she has described.

▆▆ The appellant has assigned four errors. Three of them relate to alleged errors in the weighing of the evidence, which, as we have seen, is conflicting, without it having been shown that, in deciding the conflict against the defendant, the lower court acted with passion, prejudice, and partiality, or that it committed manifest error. Consequently, we shall confine ourselves to a discussion of the only error which merits consideration, that is, that the facts which the evidence of the People tends to prove do not constitute any offense in this jurisdiction, because the offense committed is what in other jurisdictions is known as indecent assault, and this crime is not defined in our statutes. Indeed, there is

no statute in Puerto Rico which defines any offense known as indecent assault or under any other similar name. But there is the offense of assault and battery, defined and punished by the Act of March 10, 1904, incorporated into our Penal Code (1937 ed., p. 154 *et seq.*). This statute was taken from the Penal Code of Texas, §587 *et seq.* Its first Section, the English version of which is identical with §587 of the Texas Code, was not correctly translated into Spanish; but since the English version must prevail, because of the origin of the statute, we shall base our discussion thereon. Said §1 (English version) in its pertinent part reads as follows:

"The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery."

And §6 of the same Act provides, under subdivision 5, that an assault and battery shall become aggravated when committed by an adult male upon the person of a female or child, or by an adult female upon the person of a child.

Appellant maintains that pursuant to §1 *supra,* it is an essential requirement of the offense that the assault be made with intent to injure, and since in this case the evidence of the complainant shows that the defendant had such intention, the offense set up in the complaint was not proved; that the offense which complainant's evidence tends to prove is that of indecent assault and that this crime is not defined and punished in Puerto Rico. Appellant attempts to distinguish the adjudicated cases from Texas, according to which facts similar to those set up by the complainant constitute the crime of aggravated assault and battery. To this effect he argues that, although the statute of Puerto Rico is a copy of that of Texas, it is a fact that our Legislature, for reasons unknown to us, omitted §588 of the Penal Code of Texas, which provides, among other things, that the injury intended may be either bodily pain or may

consist in taking improper liberties which produce constraint, a sense of shame or other disagreeable emotion of the mind; that precisely because of the existence of §588 in Texas facts like the ones set up in the complaint constitute the crime of assault and battery.

We concede that §588 of the Code of Texas was not adopted by our Legislature, but in our opinion, with or without said Section, here as well as in Texas, the facts in question constitute aggravated assault and battery. Under the common law there was no offense known as indecent assault. *Rex* v. *Nichol* (1807) Russ & R.C.C. (Engl.) 130; *State* v. *Comeaux* (La. 1913) 60 So. 620. Said offense was created by statute in several jurisdictions, and, as a general rule, the penalty imposed was greater than that for assault and battery, the offense in some cases being regarded as a felony. Notwithstanding this, the conduct which constitutes this offense did not remain unpunished under the common law. Nor has it remained unpunished in those jurisdiction where it has not been specifically defined by law. At common law, as well as in the jurisdictions last-above mentioned, this offense has been considered comprised within that of assault and battery and punishable as such. It is true that the intent to injure has always been an essential element of assault and battery, but under the common law as well as under the statutes, it has been held that the injury does not necessarily have to be bodily and that any unlawful touching without the consent of the victim which may produce any constraint, sense of shame, humiliation, or mental anguish may constitute an injury. *Bartell* v. *State* (Wisc.) 82 N. W. 142; *Moreland* v. *State* (Ark. 1916) 188 S. W. 1; L. R.A. 1917A 140, and annotation on page 142; 1 Wharton's Criminal Law, §813; and Clark's Criminal Law, 228.

The recent case of *Beausoliel* v. *U. S.* (1939) 107 F. (2d) 292, illustrates plainly the doctrine expounded. In said case

the appellant was accused and convicted of a violation of §29 of the District of Columbia Code, which reads thus:

"Whoever unlawfully assaults or threatens another in a menacing manner, shall be fined not more than five hundred dollars, or be imprisoned not more than twelve months, or both."

The alleged violation consisted in that on a certain day prior to the accusation defendant was asked to take a child six years of age from one section to another in the city of Washington. During the trip appellant dishonestly exposed a private part of his body and requested the child to hold the same. Similarly as in the case at bar, Beausoliel alleged as a defense that the facts charged against him and which were proved did not violate §29, *supra,* because they did not set up the element of violence or menace required by the statute. In affirming the judgment appealed from, the court said:

"At common law, it was generally held that a man who took improper liberties with the person of a female, without her consent, was guilty of assault.

"* * * * * * *

"In a case such as the present, threat or danger of physical suffering or injury in the ordinary sense is not necessary. The injury suffered by the innocent victim may be the fear, shame, humiliation, and mental anguish caused by the assault. Neither is it necessary that such a victim should be aware of the nature of the act or of the danger.

"Nor is it material that it was the hand of the child which touched the body of appellant, thus reversing the ordinary fact situation present in an assault. Under the circumstances of the present case it is the same as if appellant had placed his body in contact with the child or had held her hand and forced it do his bidding."

The complaint in the present case may not be a model one. It could have been more precise as to the type of the offense, but we can not expect the same degree of perfection as in the case of an information drawn up by a district attorney. It followed the language of the statute

and did not fail to inform the defendant of the facts which were established at the trial through the evidence for the prosecution and which he tried to contradict with his testimony as well as with the testimony of other witnesses, to whom the court did not accord any credit.

Since the offense charged is that of aggravated assault and battery and the evidence is sufficient to support it, the lower court did not err in convicting the defendant or in imposing a fine of $100, which although lenient due to the surrounding circumstances, is within the limits fixed by the statute.

For the foregoing reasons the appeal must be dismissed and the judgment appealed from affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Snyder did not participate herein.