### 17208

THE STATE, Respondent, v. BURGESS BUTLER, Appellant

(94 S. E. (2d) 761)

*Messrs. Clyde C. Dean and Moss & Moss,* of Orangeburg, *for Appellant,*

*Julian S. Wolfe, Esq., Solicitor,* of Orangeburg, *for Respondent,*

October 22, 1956.

OXNER, Justice.

On July 24, 1954, in the town of Elloree, Orangeburg County, appellant shot one H. F. Avinger. He was arrested, tried and convicted in the Municipal Court for illegally firing a shotgun and sentenced to imprisonment for thirty days or to pay a fine of $100.00. He was thereafter indicted in the Court of General Sessions for assault and battery with intent to kill Avinger. On the trial of the case, he contended that under Section 17-502 of the 1952 Code his conviction in the Municipal Court of the town of Elloree constituted a bar to his prosecution in the Court of General Sessions for assault and battery with intent to kill. The trial Judge overruled this plea. The jury returned a verdict of guilty of assault and battery of a high and aggravated nature and appellant was sentenced to imprisonment for a period of one year.

The sole question presented by this appeal is whether the prosecution is barred by Section 17-502, which reads as follows:

"Whenever a municipal court or a magistrate's court shall have acquired jurisdiction by reason of a person committing

an act which is alleged to be in violation of a municipal ordinance and which is in violation of the criminal law of this State a conviction or an acquittal by the first court acquiring jurisdiction shall be a complete bar to a trial by another court for the same alleged unlawful act or acts."

Appellant apparently concedes that the offense for which he was prosecuted in the Court of General Sessions is entirely separate and distinct from that for which he was convicted in the Municipal Court, and that he could not successfully invoke the constitutional guaranty, Article I, § 17, against being placed twice in jeopardy "for the same *offense*." (Italics our.) His contention is that the protection afforded a defendant under Section 17-502 is much broader and extends to any subsequent prosecution "for the same alleged unlawful *act* or *acts*." (Italics ours.) He argues that the only act committed by him was the firing of the shotgun for which he has already been convicted in the Municipal Court and that this conviction constitutes a complete bar to his prosecution for assault and battery with intent to kill growing out of the same alleged unlawful act.

It is well settled in this jurisdiction that the same act may constitute two offenses, one against a municipality and one against the State, and that in the absence of some statutory prohibition a defendant may be prosecuted both in the municipal and in the state courts for committing the same unlawful act. *City of Spartanburg v. Gossett*, 228 S. C. 464, 90 S. E. (2d) 645, and cases therein cited.

We think Section 17-502 was designed to modify or abrogate the foregoing rule by prohibiting double prosecution for an act constituting two or more offenses that are within the jurisdiction of inferior courts. But it was never intended that an acquittal or conviction of a minor offense included in a greater offense would bar prosecution for the latter, if the court in which acquittal or conviction was had was without jurisdiction to try the accused for the greater offense. The Act clearly contemplates that the

second prosecution shall be for an offense of which the first court could *acquire* jurisdiction. If appellant's view were accepted, the conviction of a person for unlawfully discharging a firearm could be used to bar his prosecution for murder resulting from the shooting. Certainly such a result was never intended by the Legislature.

The original Act, 35 St. at L. 1317, strongly sustains the foregoing construction. It is entitled: "An Act to Prevent Double Jeopardy and to Prevent Multiplication of Charges in *Inferior Courts,* and to Provide for Certiorari." (Italics ours.)

Section 1 is the same as Section 17-502 of the 1952 Code with the exception that the following proviso in the original Act has been omitted: "That this shall have no application to violations of the prohibition law."

Sections 2 and 3 are as follows:

Section 2. 'That whenever a person or persons be accused of committing an act which is susceptible of being designated as several different offenses, the Magistrate or the Municipal Court upon the trial of the said person or persons shall be required to elect which charge to prefer, and a conviction or an acquittal upon such elected charge shall be a complete bar to further prosecution for said alleged offense."

Section 3. "That whenever a person or persons shall have been convicted in a Municipal Court or a Magistrate's Court, such person or persons shall have the right, upon petition, to obtain from any Circuit Judge or Justice of the Supreme Court at Chambers or in open Court, a writ of *certiorari* requiring such Municipal Court or Magistrate to certify the entire records of the case together with a copy of the Municipal ordinance, or a reference to the Criminal Code as to the statute involved, as the case may be, and including the rulings, findings, and sentences, returnable at such time as such Circuit Judge or Justice of the Supreme Court may direct, and upon the hearing of the writ such Circuit Judge or Justice of the Supreme Court shall have same jurisdiction

of the entire matter as Circuit Judges now have in cases appealed from Municipal Courts or Magistrates' Courts."

The foregoing sections were dissected by the compilers of the 1952 Code and with certain changes in phraseology not material to this discussion, Section 2 of the original Act now constitutes Sections 15-902 and 43-114 of the 1952 Code, and Section 3 of the original Act is now embodied in Sections 7-14 and 15-916 of the 1952 Code.

For cases from other jurisdictions construing statutes similar to ours, see *Hundley v. Commonwealth,* 193 Va. 449, 69 S. E .(2d) 336; *Moreland v. State,* 125 Ark. 24, 188 S. W. 1, L. R. A. 1917A, 140; *State v. Empey,* 65 Utah 609, 239 P. 25, 44 A. L. R. 558; *State v. Thompson,* 241 Minn. 59, 62 N. W. (2d) 512.

Since the offense of assault and battery with intent to kill is beyond the jurisdiction of a municipal court, appellant's conviction of violating an ordinance of the town of Elloree does not bar the present prosecution.

Judgment affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.