STATE of Arkansas *v.* Joe SCARMARDO

CR 78-9                                      565 S.W. 2d 414

Opinion delivered May 1, 1978
(In Banc)
[Rehearing denied June 5, 1978.]

*Bill Clinton,* Atty. Gen., by: *Robert M. Lyford,* Asst. Atty. Gen., for appellant.

*Frank W. Booth,* for appellee.

FRANK HOLT, Justice. Appellee was charged in municipal court with theft of services and breaking or entering in violation of Ark. Stat. Ann. § 41-2204 and § 41-2003 (Repl. 1977) respectively. The charges resulted from appellee allegedly securing electrical services without payment by breaking into an electrical meter. That court found appellee guilty of theft of services, after the charge was reduced to a misdemeanor, and assessed his punishment at ninety days' imprisonment and a $500 fine. The appellee was certified to the circuit court on the felony charge of breaking or entering. That court granted appellee's motion to dismiss finding the charge of breaking or entering under § 41-2003 did not encompass the alleged acts of the defendant. Appellant contends it was error to grant the motion. The court was correct.

The information alleged that appellee committed the crime of breaking or entering when he broke into "a product dispenser, to wit: an electrical meter unit, .. . for the purpose of committing a theft." § 41-2003 provides that a person commits the offense of breaking or entering if "for the purpose of committing a theft or felony he enters or breaks into any building, structure, vehicle, vault, safe, cash register, money vending machine, product dispenser, money depository, safety deposit box, coin telephone, coin box or other similar container, apparatus, or equipment." The commentary to that statute states, *inter alia*, that defining the offense serves the function "to reach larcenous conduct directed against vending machines and other types of containers likely to contain money."

It is well settled that penal statutes are strictly construed with all doubts resolved in favor of the defendant, and nothing is taken as intended which is not clearly expressed. *Austin* v. *State*, 259 Ark. 802, 536 S.W. 2d 699 (1976). Webster's Third New International Dictionary (1968) defines the word "dispenser" as "a mechanical device for vending merchandise (as candy, gum, or postage stamps)." There also a meter is defined as a measuring device. Adoption of the construction urged by appellant would extend the coverage of § 41-2003 by requiring us to read into the statute an intent which is certainly not clearly expressed. Here we

cannot agree that an electrical meter is a "product dispenser" or a "similar container" within the meaning of the statute.

Affirmed.