Ralph Lewis KRAMER *v.* STATE of Arkansas

CR 84-58                              670 S.W.2d 445

Supreme Court of Arkansas
Opinion delivered June 18, 1984

*William R. Simpson, Jr.,* Public Defender, by: *Kelly Carithers,* Deputy Public Defender, for appellant.

*Steve Clark, Att'y Gen., by: Patricia G. Cherry,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Ralph Lewis Kramer, was tried and convicted by the court of sexual abuse, 1st degree, in violation of the Ark. Stat. Ann. § 41-1808 (Repl. 1977) and sentenced to four years imprisonment. On appeal appellant argues the evidence is insufficient to support the conviction. We agree.

The victim, a twelve-year-old girl, testified that on June 19, 1983, while she was standing in line to get a soft drink in a store, appellant touched her on her buttocks. Appellant argues that the sexual abuse statute does not prohibit touching of the buttocks and that therefore the evidence is insufficient to support the conviction.

Ark. Stat. Ann. § 41-1808 (Repl. 1977) provides:

(1)  A person commits sexual abuse in the first degree if:

(c)  being eighteen (18) years or older he engaged in sexual conduct with a person not his spouse who is less than fourteen (14) years old.

Sexual contact is defined in Ark. Stat. Ann. § 41-1801(8) (Repl. 1977) as follows:

(8)  "Sexual conduct" means any act of sexual gratification involving the touching of the sex organs or anus of a person, or the breast of a female.

It has long been held that penal statutes are to be strictly construed with all doubts resolved in favor of the defendant, and nothing is taken as intended which is not clearly expressed. *Austin* v. *State*, 259 Ark. 802, 536 S.W.2d 699 (1976); *Scarmardo* v. *State*, 263 Ark. 396, 565 S.W.2d 414 (1978). Touching of the buttocks is not prohibited sexual conduct as defined in Ark. Stat. Ann. § 41-1801(8); therefore appellant's conviction cannot stand under this statute.

Reversed and dismissed.

Purtle, J., concurs.

Hickman and Hays, JJ., dissent.

JOHN I. PURTLE, Justice, concurring. I take strong

exception to the dissenting opinion. It is manifestly unfair to state that the majority legalizes the fondling of twelve year old girls by adult males. Such language is unjustified and unfounded. Sexual contact is defined in Ark. Stat. Ann. § 41-1801(8) (Repl. 1977) as follows: "Any act of sexual gratification involving the touching of the sex organs or anus of a person, or the breast of a female." I do not understand how any sound thinking person could say the touching of the buttock by a hand through the clothing is expressly included in the foregoing statute. Since it is admitted by the dissent that we strictly construe criminal statutes, I cannot understand the position of the dissent. Perhaps it is a matter which should be taken up with the legislature. It is not our duty or prerogative to construe laws in the manner in which we think they ought to be written. It is the function of the legislative branch of the government to enact laws in the manner in which they deem proper. It is the responsibility of the people to keep the legislative branch informed on such matters. The judicial branch is not given the authority to re-write the laws to its own liking. Perhaps appellant violated some other statute but he clearly did not conduct himself in a manner which is prohibited by Ark. Stat. Ann. § 41-1808(1)(c) (Repl. 1977).

DARRELL HICKMAN, Justice, dissenting. As I understand the majority's decision, it is not a crime in Arkansas for an adult male to fondle the buttocks of a twelve year old female. The facts are not in dispute. The victim in this case testified that a stranger approached her when she was in a Walmart store and touched her buttocks three times. He placed his hand on her buttocks when she was in line to get a soft drink, as she was walking, and then again as she was getting ice for her drink. He asked her how old she was and when she told him, he asked if she had a boyfriend. She answered, "No, sir." He said, "Oh, you're still a virgin." That evidence would support a finding that the appellant's act was an intentional one of sexual gratification and meets the statutory definition of sexual abuse in the first degree.

I share in the majority's concern that the statute in question, if strictly construed, might exclude this type of conduct. Ark. Stat. Ann. § 41-1808 (1)(c) (Repl. 1977). The

question is how strictly should it be construed. I believe that when the statute is construed with a measure of reasonableness, and the commentary is considered, the facts of this case allow the conclusion that the appellant is indeed guilty of the statute's proscriptions.

The critical statutory language in this case is the definition of "sexual contact." There is no doubt that the appellant engaged in sexual contact with another person less than fourteen years old, as the statute requires, if one interprets the words "sexual contact" in their ordinary sense. The problem lies with the legislature's definition of "sexual contact." Under that definition, sexual contact "means any act of sexual gratification involving the touching of the sex organs or anus of a person, or the breast of a female." Ark. Stat. Ann. § 41-1801 (8). Taken literally, that language would indicate that the majority's interpretation is correct. The commentary to § 41-1801, however, makes it clear that what the legislature meant by sexual abuse in the first degree was not a rigid, literal definition. Is sexual organ limited to the vagina or clitoris, or does it include the pubic area? Is anus limited to only the orifice itself, or does it include the surrounding area? If not, then the purpose of the law is meaningless, because a sexual assault rather than sexual contact must be committed to violate the law.

In the commentary it is stated that "sexual contact" *"subsumes a broad array of sexual intimacies that fall short of sexual intercourse or deviate sexual activity."* (Italics supplied.) It further states that *"sexual contact"* and *"fondling"* are synonyms. The prior law, Ark. Stat. Ann. § 41-1128 (Repl. 1964), was captioned "UNLAWFUL FONDLING OF CHILD." Everyone knows fondling means caressing just as everyone knows that the buttocks of a child are off limits to an adult stranger. The prior code defined fondling as "to intentionally place . . . hands upon or against a sexual part of a male or female or . . . upon the breast of a female. . . ." If that were still the definition I believe the majority would find sufficient evidence to affirm the conviction. If so, the case should be affirmed since, according to the commentary, "sexual contact" and

"fondling" are meant to be synonymous within the meaning of the statute although "sexual part" has been replaced by "sexual organs."

Furthermore, under prior law, even if the appellant's act did not amount to fondling, it would have been an assault and battery. Formerly, an assault and battery was the unlawful striking of another. Ark. Stat. Ann. § 41-603 (Repl.) 1964). Under that statute where a man took the arm of a woman and tried to kiss her, a charge of assault and battery was sustained. *Moreland* v. *State*, 125 Ark. 24, 188 S.W. 1 (1916). In the new criminal code assault and battery both require physical injury or risk thereof. See Ark. Stat. Ann. §§ 41-1601—1607 (Repl. 1977). Neither is the appellant's conduct sexual abuse in the second degree nor sexual solicitation of a child. See Ark. Stat. Ann. §§ 41-1809 and 1810. So, under the majority's approach, the appellant's conduct is simply not a crime. The only conclusion is that it is no longe illegal to fondle a young girl as long as the anus, breast, or other sexual organ, as defined in a medical dictionary, is not touched. Under that approach a parent would not be justified in using force against a man to prevent him from doing what the appellant did because the appellant did not use unlawful force against the child. See Ark. Stat. Ann. § 41-506. I cannot believe the legislature intended such a result; I do not think it intended to abolish the crime of fondling. Indeed, references to fondling in the commentary confirm that position.

We have had difficulty before with sexual offenses defined in the new criminal code. In *Hice* v. *State*, 268 Ark. 57, 593 S.W.2d 169 (1980), we dealt with a situation where the vagina was perhaps not actually penetrated in a rape case. The victim was nine years old. The statute defined intercourse as requiring penetration, however slight, of the vagina by a penis. Ark. Stat. Ann. § 41-1801 (9). We concluded that to find that the victim had not been raped would be ridiculous under the facts and that it was not the intention of the legislature to make a drastic change in the law of rape. In his concurrence Justice Fogleman emphasized that such words as "vagina" and "sexual intercourse" should be given their commonly accepted meaning.

In *Clayborn* v. *State,* 278 Ark. 533, 647 S.W.2d 433 (1983), the majority used the same rigid approach it uses today and found a rapist not guilty of rape although the evidence indicated the victim was raped, simply because he did not rape her precisely as charged. Either the legislature made serious mistakes in adopting the new criminal code provisions for sexual crimes or we are being too unreasonable in our decisions — or both.

The Court of Appeals apparently has not had the problem we have had in interpreting the code provisions. In *Green* v. *State,* 7 Ark. App. 175, 646 S.W.2d 20 (1980), an eight year old girl testified that the appellant had put his finger up her bathing suit. The conviction for sexual abuse in the first degree was upheld.

The requirement of strict construction of criminal statutes does not mean that we should find a way to exonerate criminal conduct. The question in such cases as these is whether the language of the statute puts a person of ordinary intelligence on notice of the prohibited conduct. *Jordan* v. *State,* 274 Ark. 572, 626 S.W.2d 947 (1983). In my judgment there is no doubt that a person or ordinary intelligence, who acted as the appellant did in this case, would know that he had committed sexual abuse as defined in the statute. Therefore, I would affirm appellant's conviction.

HAYS, J., joins in this dissent.