James C. WALTERS *v.* STATE of Arkansas

CR 84-72                                        675 S.W.2d 364

Supreme Court of Arkansas
Opinion delivered September 17, 1984

*Dale Varner*, for appellant.

*Steve Clark*, Atty. Gen., by: *Theodore Holder*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Walters was convicted of kidnapping and sentenced to 60 years imprisonment. On appeal he assigns two errors: a prior conviction was improperly used to enhance his punishment (he had four prior convictions), and the court improperly refused to instruct the jury on the lesser included offense of attempted aggravated robbery.

The appellant virtually concedes that our decisions in *Conley* v. *State*, 272 Ark. 33, 612 S.W.2d 722 (1981), and *Washington* v. *State*, 273 Ark. 482, 621 S.W.2d 216 (1981), preclude his first argument on appeal, because they make it plain that a prior conviction can be used for enhancement regardless of when the crime is committed or the conviction obtained, prior to or after the charge in question, so long as the conviction was had before the conviction for the offense in question. However, we cannot consider the argument of the appellant. The question was not raised to the trial judge, and the record does not reflect when the offense in question occurred. This court does not consider arguments raised for the first time on appeal. *Taylor* v. *Patterson*, 283 Ark. 11, 670 S.W.2d 444 (1984).

The second argument has no merit for two reasons. The appellant did not ask for the jury to be instructed on what may have been the lesser included offense of aggravated robbery, but attempted aggravated robbery. The jury could not have, on the evidence before it, returned a verdict of guilty for attempted aggravated robbery, only kidnapping. The appellant got into the automobile of Ms. Marlene Thomas at a gasoline filling station ostensibly for a ride to his damaged motorcycle, located somewhere on the highway. Once in the car, the appellant pulled a knife and held it at Ms. Thomas' stomach while holding the back of

her neck with the other hand. He made her drive the vehicle for a distance and told her that he needed her car to get out of town. She eventually managed to open her door and fall out of the car. She flagged down a car behind her, and the appellant ran away.

Appellant's argument focuses on the provision in the kidnapping law, Ark. Stat. Ann. § 41-1702 (Repl. 1977), which states:

> (1) A person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of: . . . .
>
> > (c) facilitating the commission of any felony or flight thereafter; . . . .

In this case, the State charged the kidnapping occurred in one of two ways: for the purpose of terrorizing Ms. Thomas or facilitating the commission of a felony. The jury did not have to find the kidnapping occurred in connection with a felony. The appellant cites, as analogous, cases involving capital murder where we have said the proof of capital murder necessarily involves proof of the underlying felony; therefore, the felony is a lesser included offense of capital murder, and the appellant cannot be convicted of both. *Martin* v. *State*, 277 Ark. 175, 639 S.W.2d 738 (1982); *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981). However, appellant did not seek an instruction on what may have been the underlying felony of aggravated robbery, but rather an instruction on attempted aggravated robbery. The evidence was that appellant stuck a knife to the victim's stomach, held the back of her neck and ordered her where to drive. At that point his conduct went beyond any attempt to "employ or threaten to employ physical force upon another" for the purpose of committing theft, Ark. Stat. Ann. § 41-2103 (Repl. 1977). The jury could not have returned a verdict convicting appellant of attempted aggravated robbery. His conduct constituted the offense itself, if anything. Therefore, the appellant's argument must fall.

Affirmed.