Carroll Dee MALLETT *v.* STATE of Arkansas

CA CR 85-137                    702 S.W.2d 814

Court of Appeals of Arkansas
Opinion delivered January 29, 1986

*William R. Simpson, Jr.*, Public Defender, by: *Arthur L. Allen*, Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Connie Griffin,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Carroll Dee Mallett, was charged and convicted by a Pulaski County jury of first degree sexual abuse and sentenced to a term of eight years in the Arkansas Department of Correction. The only issue raised by this appeal is whether the trial court erred in refusing to instruct the jury on the lesser included offense of attempted sexual abuse in the first degree. We affirm.

The record in the case at bar reflects that appellant requested and proffered an instruction on attempted sexual abuse first degree, which the trial court refused. Appellant's argument below and now on appeal is that he was only guilty of an attempt to commit sexual abuse in the first degree because he touched the victim's breast through her sleepwear. The basis of the trial court's ruling on this question was that attempt was inappropriate and that under the evidence the jury could not reach a verdict on any other offense than first degree sexual abuse.

■■ A person commits sexual abuse in the first degree if being eighteen years or older, he engages in sexual contact with a person not his spouse who is less than fourteen years old. Ark. Stat. Ann. § 41-1808(1)(c) (Repl. 1977). "Sexual contact" means any act of sexual gratification involving the touching of the sex organs or anus of a person, or the breast of a female. Ark. Stat. Ann. § 41-1801(8) (Repl. 1977).

Appellant's proffered instruction provided as follows:

A person commits the offense of Sexual Abuse, First Degree, if:

First: That the accused engaged in an act of sexual contact with another person; and,

Second: That the accused was 18 years old or older; and,

Third: That the other person was 13 years old or younger; and,

Fourth: That the other person was not the spouse of the accused.

To sustain the charge of Attempted Sexual Abuse, First degree the State must prove the following things beyond a reasonable doubt:

First: That Carroll Mallett intended to commit the offense of Attempted Sexual Abuse, First Degree;

Second: That Carroll Mallett purposely engaged in conduct that was a substantial step in a course of conduct intended to culminate in the commission of Attempted Sexual Abuse, First Degree; and,

Third: That Carroll Mallett's Conduct was strongly corroborative of the criminal purpose.

"Sexual contact" means any act of sexual gratification involving the touching of the sex organs or anus of a person, or the breast of a female.

"Purposely." A person acts purposely with respect to his conduct when it is his conscious object to engage in the conduct.

The victim in this instant case testified that she spent the night of November 16, 1984, in the home of her aunt, the wife of appellant. She stated that she slept in her cousin's room on the side of the bed by the door. She wore a nightgown which came to her thighs. She testified that her uncle, appellant Mallett, entered the room twice during the night. The second time appellant entered her bedroom "he got on his knees and he said something like he was going to hit me. He got on his knees and put his hand on my breast . . ." The victim also stated that appellant was squeezing her breast and his hand was over her nightgown.

██ It is reversible error to refuse to give a correct instruction on a lesser included offense and its punishment when there is testimony furnishing a reasonable basis on which the accused may be found guilty of the lesser offense. *Glover* v. *State*, 273 Ark. 376, 619 S.W.2d 629 (1981). Where there is no evidence tending to disprove one of the elements of the larger offense the court is not required to instruct on the lesser one because absent such evidence there is no reasonable basis for finding an accused guilty of the lesser offense. In this type of case the jury must find the defendant guilty either of the offense

charged or nothing. *Fisk* v. *State*, 5 Ark. App. 5, 631 S.W.2d 626 (1982). Where, however, there is the slightest evidence tending to disprove one of the elements of the larger offense, it is error to refuse to give an instruction on the lesser included one. *Brewer* v. *State*, 271 Ark. 254, 608 S.W.2d 363 (1980).

Ark. Stat. Ann. § 41-701 (Repl. 1977), concerning the inchoate offense of criminal attempt, provides:

(1) A person attempts to commit an offense if he:

(a) purposely engages in conduct that would constitute an offense if the attendant circumstances were as he believes them to be; or

(b) purposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as he believes them to be.

(2) When causing a particular result is an element of the offense, a person commits the offense of criminal attempt if, acting with the kind of culpability otherwise required for the commission of the offense, he purposely engages in conduct that constitutes a substantial step in a course of conduct intended or known to cause such a result.

(3) Conduct is not a substantial step under this section unless it is strongly corroborative of the person's criminal purpose.

The Committee Commentary to § 41-701 states that sections (1) and (2) are framed so as to apply only to purposeful conduct, accompanied in subsections 1 (a) and (b) by a belief in attendant circumstances and in (2) by a knowing culpable mental state regarding a result. It is noted that these sections have overlapping coverage and are not set out in alternative form solely to pick up distinct kinds of conduct. Subsection 1 (a) is directed at the completed course of conduct while subsections 1 (b) and (2) are primarily directed at situations where substantial steps not amounting to completed courses of conduct have been taken, but have not culminated in the commission of the object offense. Under subsection (2), knowledge regarding a result will generate liability when coupled with purposeful conduct.

■ It appears from the wording of appellant's proffered instruction previously quoted that he utilized the language from subsection (2) of § 41-701. He attempted to submit this instruction to the jury on the basis that he touched the victim through her nightgown and this conduct amounted to criminal attempt. We agree with the trial court that appellant's conduct did not constitute criminal attempt to commit sexual abuse in the first degree and that the proffered instruction was inappropriate. As previously noted from the Committee Commentary following § 41-701, subsection (2) is primarily directed to situations where substantial steps *not* amounting to completed courses of conduct have been taken, but have *not* culminated in the commission of the object offense. The evidence clearly established that appellant touched the breast of his victim and the trial court did not err in refusing appellant's proffered instruction.

In *Walters* v. *State*, 283 Ark. 243, 675 S.W.2d 364 (1984), the appellant argued in part that his conviction of kidnapping should be reversed because the trial court improperly refused to instruct the jury on the lesser included offense of attempted aggravated robbery. The Arkansas Supreme Court found no merit to this argument for two reasons. First, he did not ask for an instruction on what may have been the lesser included offense of aggravated robbery, but attempted aggravated robbery. Secondly, the Court found that the jury could not have returned a verdict of guilt to attempted aggravated robbery, only kidnapping. The evidence there established that the appellant stuck a knife to the victim's stomach, held the back of her neck and ordered her where to drive. The Court noted that appellant's conduct at that point went beyond any attempt and that his conduct constituted the offense itself, if anything.

Appellant relies upon the Arkansas Supreme Court's decision in *Kramer* v. *State*, 283 Ark. 36, 670 S.W.2d 445 (1984), as controlling. The appellant there was tried and convicted of sexual abuse, first degree, and argued on appeal that the evidence was insufficient to support his conviction. The Supreme Court reversed, holding that the touching of the buttocks was not prohibited sexual conduct as defined in Ark. Stat. Ann. § 41-1801(8). Justice Purtle stated in his concurrence that "I do not understand how any sound thinking person could say the touching of the buttock by a hand through the clothing is expressly

included in the foregoing statute [Ark. Stat. Ann. § 41-1801(8)]." *Id.* at 38, 670 S.W.2d at 446. This is the only reference made to the victim's clothing and the majority in *Kramer* did not reverse the conviction on that basis. Thus, we believe appellant's reliance on *Kramer* as dispositive of the issue here is misplaced.

In conclusion, we believe that appellant's argument is without merit as his conduct did not fit within the definition of criminal attempt and under the evidence the jury could only have reached a verdict of first degree sexual abuse.

Affirmed.

GLAZE and MAYFIELD, JJ., agree.