Willie George POWELL *v.* STATE of Arkansas

CA CR 90-88                                    799 S.W.2d 566

Court of Appeals of Arkansas
Division I
Opinion delivered November 28, 1990

*William R. Simpson, Jr.*, Public Defender, by: *Omar Greene II*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. Appellant, Willie George Powell, appeals the judgment of conviction entered against him in Pulaski County Circuit Court of criminal attempt to commit breaking or entering. We affirm.

Appellant was charged by felony information filed May 30, 1989, with attempt to commit burglary in violation of Ark. Code Ann. § 5-3-201 (1987). On May 30, 1989, the prosecuting attorney also filed a petition for revocation which stated that on February 26, 1986, appellant was convicted of theft by receiving for which he received eight years probation. The petition to revoke alleged that on May 2, 1989, appellant violated the terms of his probationary sentence by committing criminal attempt to commit burglary. On December 4, 1989, the trial judge, sitting without a jury, found appellant guilty of the lesser included offense of criminal attempt to commit breaking or entering. In addition, the trial judge found appellant willfully violated the terms of his probation and sentenced him to serve ten years in the Arkansas Department of Correction.

Appellant raises the following points on appeal: 1) the evidence was insufficient to establish that appellant attempted any breaking or entering; 2) the evidence was insufficient to establish that appellant violated the terms of his probationary sentence.

As his first point, appellant argues there is no evidence in the record that he attempted to enter or break into any object covered by Ark. Code Ann. § 5-39-202(a) (1987). Although appellant concedes that he was seen attempting to break into a realtor's lock box, he contends that the statute does not apply to such realtor's lock boxes, and therefore, it is no crime to attempt to break into a realtor's lock box. We disagree.

In support of this first point appellant cites *State* v. *Scarmardo*, 263 Ark. 396, 565 S.W.2d 414 (1978), in which our supreme court held that no breaking or entering occurred where a defendant was accused of breaking into an electrical meter to obtain electricity without payment. The defendant in *Scarmardo* was, however, convicted of theft of services in violation of Ark. Code Ann. § 5-36-104 (1987). Appellant argues that a realtor's lock box is similar to an electrical meter because there was no evidence the box contained money and the statute is designed to reach only larcenous conduct directed against vending machines and other types of containers likely to contain money.

We find this argument untenable. The language of Ark. Code Ann. § 5-39-202 neither limits its application to containers likely to contain money nor limits its application to only specific containers listed therein. The statute provides:

> (a) A person commits the offense of breaking or entering if for the purpose of committing a theft or felony he enters or breaks into any building, structure, vehicle, vault, safe, cash register, money vending machine, product dispenser, money depository, safety deposit box, coin telephone, coin box, or other similar container, apparatus, or equipment.

In addition to containers designed to hold only money, the statute specifically includes containers not designed exclusively to hold money, *e.g.*, vault, safe, safety deposit box. "Similar container, apparatus, or equipment" is broad language that encompasses a variety of containers. The commentary to the statute states that because in most cases the perpetrator intends to take anything of value he finds within the container, "the offense is defined so as to dispense with any need to show the value of the property within the container."

Appellant was convicted of attempted breaking or entering. The criminal attempt statute, Ark. Code Ann. § 5-3-201 provides:

> (a) A person attempts to commit an offense if he:
>
> . . . .
>
> (2) Purposely engages in conduct that constitutes a

substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as he believes them to be.

When the sufficiency of the evidence is questioned, this court considers the evidence in the light most favorable to the appellee and if there is substantial evidence to support the trier of fact's finding of guilt, we must affirm. *Harris* v. *State*, 15 Ark. App. 58, 689 S.W.2d 353 (1985). Substantial evidence has been defined as evidence that is of sufficient force and character that it will with reasonable and material certainty and precision compel a conclusion one way or the other; it must force or induce the mind to pass beyond suspicion or conjecture. *Jones* v. *State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984).

At trial the state offered the testimony of Bob Campbell who lives in the house next door to the house allegedly burglarized in this case. Mr. Campbell saw appellant "bent over with an object trying to break into a lock box that a realtor had on his front door." Mr. Campbell approached appellant and asked what he was doing. Appellant said he wasn't doing anything and Mr. Campbell said, "[w]ell, you was trying to break in that house." Appellant replied, "I had a friend that broke in on me," . . . "I was just coming back to play a joke on him." Mr. Campbell detained appellant at gun point while Mrs. Campbell called the police. While they waited for the police to arrive, Mr. Campbell saw appellant throw an object in the ditch. When the police arrived they recovered the object, which was a long screwdriver.

George Burks, the owner of the house involved, testified that he did not know appellant, that he had never given appellant permission to enter his house, and that he had never even seen appellant before.

Appellant also testified at trial. On cross-examination he said he knew what a lock box was and the purpose for which it was used. He said he knew that such a lock box hung on a doorknob contained keys.

█ Based on the foregoing, we find sufficient evidence from which the trial court, without engaging in conjecture or speculation, could find appellant guilty of attempted breaking or entering.

Appellant's second point is also premised on his contention that the breaking or entering statute does not apply to a realtor's box. He argues that because the statute does not include these boxes he has not committed an offense which would give rise to grounds for revocation of his probation. For the reasons stated above, appellant's second point is not persuasive.

▪ Appellant's probation of an earlier sentence was conditioned on his duty to "[r]efrain from violating any law (Federal, State, Local) which is punishable by imprisonment." Having been found guilty of criminal attempt of breaking or entering, a Class A misdemeanor under Ark. Code Ann. § 5-3-203 (1987) punishable for a period of imprisonment not to exceed one year under Ark. Code Ann. § 5-4-401(b)(1) (1987), appellant clearly violated a condition of his probation. Thus, the trial court did not err in finding that appellant violated a condition of his probation or in ordering the revocation and imprisonment.

Affirmed.

JENNINGS and ROGERS, JJ., agree.